IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

APRIL WALKER,

        Plaintiff,                               Case No. 3:13-CV-356

vs.

JP MORGAN CHASE BANK, N.A.,         Judge Thomas M. Rose
                                                Magistrate Judge Michael J. Newman

        Defendant.

## AGREED STIPULATION AND PROTECTIVE ORDER

To facilitate discovery in this lawsuit and to protect the parties' interest in the confidentiality of personal, financial or other business sensitive matters, including but not limited to confidential personnel and financial information, the parties, pursuant to Rule 26 of the Federal Rules of Civil Procedure, hereby stipulate and agree that documents and information produced by the parties in this action shall be subject to the following terms and conditions of this Agreed Protective Order ("Order").

1.       The parties may designate documents for which protected status is claimed by stamping or labeling such document as "Confidential" or "Confidential -- Subject to Protective Order" on the first page of each document or by any other reasonable means of giving notice of the parties' intent to claim protected status for the document. "Confidential" documents may include any non-public material which may be produced in the course of discovery when there is a good faith belief that such material contains personal and/or sensitive information, including but not limited to, such items as personal financial information, medical information, trade secrets, sensitive commercial or proprietary information, the public disclosure of which may have an adverse effect upon the position of that party. All documents and information produced

in this action by any party and designated as Confidential by any party shall be subject to the provisions of the Order. Any party also may designate certain documents that contain information not previously known to the party, medical information and personal financial information as CONFIDENTIAL — ATTORNEY EYES ONLY. Such documents may be viewed only by counsel until such time as the parties agree or the Court orders otherwise. Upon the designation of any document as Confidential, all copies of such document then or at any time thereafter in the possession or control of any party to this Order, from whatever source received, shall be subject to the provisions of this Order.

2. All depositions, including any document marked as an exhibit or otherwise appended to the deposition, if designated as "Confidential" by either party at the deposition or at any time prior to the expiration of seven days after receipt of a deposition transcript, shall be treated as Confidential under the terms of this Protective Order. During the seven-day period, all transcripts and the information contained therein will be deemed to be Confidential in their entirety under the terms of this Protective Order. Where practical, the party making such a designation will indicate the pages or sections of the transcript that are to be treated as Confidential. A party seeking to file with the Court a deposition with Confidential information enclosed shall file the complete original transcript under seal and a redacted copy of the transcript for the public as well. The sealed transcript shall be labeled "Confidential". All other copies of the deposition transcript and the appended documents shall be treated in all respects as any other Confidential document under this Order for those portions which are designated as Confidential.

3. All pleadings or other court filings which incorporate or disclose Confidential material shall be filed with or received by the Court pursuant to the Court's e-Filing Rules for

Documents Filed Under Seal in a sealed envelope or other container marked on the outside with the title of the action, identification of each item within, the date of this Protective Order and a statement as follows:

> CONFIDENTIAL INFORMATION – SUBJECT TO STATE COURT PROTECTIVE ORDER. This package contains documents, transcripts or other material which are subject to a Protective Order entered by the Court. This package shall not be opened of the contents thereof displayed or revealed except by the Court, the plaintiff, the defendant, counsel for the parties and their agents, individuals agree to by the parties, by specific further order of the Court or as allowed by the Protective Order entered in this action. Violation of this prohibition may be treated as contempt of court.

4. All interrogatory answers, or other responses to pretrial discovery requests, designated by either party as "Confidential" shall be delivered to the counsel for the party propounding said request without being filed with this Court unless said filing is subsequently ordered by this Court or desired by a party. All documents and/or information designated as Confidential hereunder that is to be filed with this Court shall be filed under seal and labeled "Confidential" as provided in paragraph 3.

5. Documents and information designated as Confidential in accordance with this Order shall be used solely for the purpose of this action or appeal, and, unless the Court rules otherwise, such documents or information shall not be disclosed to any person other than (a) counsel of record to any party to this Order; (b) the legal, clerical, paralegal staff, or other staff of such counsel to this action employed during the preparation for and trial of this action; (c) the parties to this action and the principals, officers, agents, or employees of a party; (d) witnesses and/or persons retained by either party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees); (e) deponents and court reporters in this action; (f) any other person as to whom the parties agree in writing; and (g) the Court, Court

personnel and jurors. Confidential documents or information disclosed to any such person shall not be disclosed by him/her to any other person not included within the foregoing subparagraphs (a) through (g) of this paragraph. No such documents or information designated as Confidential pursuant to this Order shall be used by any such person for any purpose other than for the preparation, trial, appeal and/or settlement of this action. In no event shall any documents or information designated as Confidential be disclosed to any employee, agent, representative or anyone closely affiliated with a known competitor of a party. A party may designate its known competitors by providing a reasonable list to opposing counsel.

      6.      Any person who is to obtain access to Confidential documents or information pursuant to paragraph 5, except for the Court, Court personnel, their staffs, deponents and actual parties, shall, prior to receipt of such Confidential documents or information, (a) be informed by the party providing access to such Confidential documents or information of the terms of this Order; (b) agree in writing to be bound by the terms of this Order by executing the Agreement attached hereto as Exhibit A; and (c) submit to the authority of this Court for enforcement of this Order. Such agreement and the identity of those to whom Confidential documents or information have been disclosed shall be disclosed on demand to any party after the litigation is concluded, but shall otherwise only be disclosed by order of Court.

      7.      If counsel for a party herein shall hereafter desire to make Confidential documents or information available to any person other than those referred to in paragraph 5 above, such counsel shall designate the material involved, identify the person to whom he/she wishes to make disclosure and inform counsel for the opposing party of their desire. If counsel is subsequently unable to agree on the terms and conditions of disclosure to persons not enumerated in paragraph 5, disclosure may be made only on such terms as the Court may order.

8. If a party objects to the designation of any document or information as Confidential, counsel for the objecting party shall notify all counsel of record of the objection. If disputes regarding the objection cannot be resolved by agreement, counsel may move this Court for an order denying Confidential treatment to the documents or information in question. If such a motion is filed, the document or information shall be kept Confidential pending ruling on the motion. The party seeking to have information treated as Confidential or Confidential Attorneys Eyes Only shall have the burden of establishing for the Court the basis or need for confidentiality.

9. In the event that any Confidential document or Confidential information is included with or in any way disclosed by any pleading, motion, or paper filed with the Court, such Confidential document or Confidential information shall be filed and kept under seal by the Clerk until further order of the Court. Any use of such Confidential document or Confidential information or any testimony associated with it shall be held under seal unless the Court orders otherwise.

10. At the conclusion of trial, or of any appeals or other termination of this litigation, all Confidential material received under the protections of this Order (and all copies) shall be retained by counsel in their legal files, be destroyed or returned to the producing party. Counsel will not have to dismantle his or her own work product to return or destroy Confidential material; however, all such Confidential material shall be retained by counsel on a Confidential basis until discarded. The provisions of this Protective Order insofar as they restrict the communication and use of Confidential material and Confidential information shall, without written permission of the producing party or further order of this Court, continue to be binding on all parties and individuals receiving Confidential materials after the conclusion of this litigation.

11. At trial or any evidentiary hearing, a party may use subject to the discretion of the Court, any document or discoverable evidence, which is otherwise deemed admissible, but which has been marked pursuant to this Order as "Confidential" or "Confidential-Attorney Eyes Only". The party seeking to use the Confidential exhibit shall notify the other party of its intended use pursuant to the Case Scheduling Order providing for the parties pretrial briefs or schedule set forth in an evidentiary hearing with the exception of any rebuttal or impeachment exhibits. It is not the intent of this Stipulation and Protective Order to inhibit a party from using a document marked as "Confidential" at trial or during an evidentiary hearing if not identified in advance to the opposing party, but the parties should attempt to provide good faith notice that they might use the documents marked "Confidential". If a party seeks to maintain the Confidentiality of the Confidential exhibit during the trial or evidentiary hearing, with the exception of rebuttal or impeachment exhibits, the party shall so move the Court for appropriate protection. The party seeking such protection shall have the burden of proving that the Confidential exhibit is entitled to the protection sought. Prior acquiescence of a party to a marking of "Confidential" or "Confidential-Attorneys Eyes Only" for the exhibit shall not be construed against the party in the Court's determination of whether the Confidential exhibit is entitled to any special Confidential treatment at trial or during an evidentiary hearing. The provisions of this Stipulation and Protective Order shall continue to apply to all Confidential information, except as directed by the Court for Confidential exhibits to be used at a hearing or at trial.

12. Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission or assertion by any witness, person or entity producing documents that any particular document or information is, or is not, Confidential or (b) prejudice in any way the right of any party to seek a Court determination of whether or not it should remain

Confidential and subject to the terms of this Order. Any party to this Order may request the Court to grant relief from any provision of this Order.

14. Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection or any other privilege. No party shall be deemed to have waived any other objection to discovery or the use of Confidential material in this litigation.

14. It is recognized by the parties to this Order that, due to the exigencies of providing numerous documents and the taking of testimony, certain documents or testimony may be designated erroneously as Confidential, or documents or information that are entitled to Confidential treatment may erroneously not be designated as Confidential. The parties to this Order may correct their Confidentiality designations, or lack thereof, and shall, at their own expense, furnish to all counsel copies of the documents for which there is a change in designation. This Stipulation and Protective Order shall be fully applicable to all documents or information previously produced voluntarily by the parties to the extent that any document or information produced voluntarily prior to the institution of this lawsuit shall be treated as Confidential material if that same document or information is produced hereafter and is designated as Confidential material.

15. Documents or information produced by any party prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if such Order had been entered by the Court as of the date such documents or information was produced. This Stipulation and Protective Order shall be submitted to the Court, with a request that it be executed and filed with the Court, immediately upon execution by the parties. Prior to approval by the Court, this Stipulation and Protective Order shall be binding on the parties as a stipulation

- 8 -

or enforceable agreement. If the Court refuses to execute the Protective Order or alters the Protective Order, the Stipulation and Protective Order will be automatically amended or nullified to reflect the Court's decision.

16. Per authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Documents filed under seal shall comply with Southern District of Ohio Local Rule 79.3. This Protective Order does not authorize filing under seal; any provisions in this Protective Order to the contrary are hereby stricken.

**IT IS SO ORDERED.**

March 20, 2014                                    s/ **Michael J. Newman**
                                                  United States Magistrate Judge

**AGREED:**

/s/ Stephen A. Simon (per authorization)          */s/ Eve M. Ellinger*
Stephen A. Simon     (0068268)                    Eve M. Ellinger          (0073742)
Tobias, Torchia & Simon                           Kegler Brown Hill + Ritter LPA
911 Mercantile Library Bldg.                      65 East State Street, Suite 1800
414 Walnut Street                                 Columbus, Ohio 43215
Cincinnati, Ohio 45202                            Tel: (614) 462-5400
Tel: (513) 241-8137                               Fax: (614) 464-2634
Fax: (513) 241-7863                               eellinger@keglerbrown.com
steves@tktlaw.com

                                                  *Attorney for Defendant*

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

APRIL WALKER,

        Plaintiff,                                    Case No. 3:13-CV-356

vs.

JP MORGAN CHASE BANK, N.A.,         Judge Thomas M. Rose
                                               Magistrate Judge Michael J. Newman

        Defendant.

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**
**EXHIBIT A**

I, _____ , the undersigned, hereby acknowledge that I have received copy of the Confidentiality Agreement and Protective Order ("Order") entered in this matter, have read the Order and agree to be bound by all of the provisions in it. I recognize that during my participation in this case, I may have occasion to read or hear information that is designated Confidential." I agree to the following: (1) not to disclose any information that is designated Confidential" to any person not entitled to receive disclosure of it under the provisions of the Order; (2) to use any such confidential information solely in connection with my participation in this case; and, (3) to return to counsel for the party supplying information to me, any documents other materials designated as "Confidential," as soon as my participation in the case is concluded.

Dated: _____

                                                                    Print Name

                                                                    Print Address